UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-80010 |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | CHAPTER 9 |
| DISTRICT #10 OF WASHINGTON | ) | PLAN OF ADJUSTMENT |
| COUNTY, NEBRASKA, | ) | |
| | ) | |
| Debtor. | ) | |

This Plan of Adjustment (this "Plan") is proposed and made by Sanitary and Improvement District #10 of Washington County, Nebraska (the "District"). The provisions of this Plan have been promulgated to meet the confirmation standards under Chapter 9 of the United States Bankruptcy Code (the "Code"). This Plan should be carefully reviewed in conjunction with the Disclosure Statement which will be filed concurrently herewith, as may be amended by filing with the United States Bankruptcy Court for the District of Nebraska (the "Court").

## I. DEFINITIONS

All capitalized terms shall have the meaning given to them herein, unless context clearly requires otherwise. Capitalized terms defined in the Code and not otherwise defined herein shall have the meaning ascribed to them in the Code.

**Administrative and Priority Claims** shall mean and include the allowed (i) actual and reasonable costs and expenses incurred for services in connection with this case, including the fees of the District's attorneys, accountants, bond counsel, fiscal agents, municipal advisors, and other professionals; (ii) all of the District's cost in preserving the assets of District's bankruptcy estate; (iii) the fees of the Paying Agent incurred for any services provided prior to the Effective Date; and (iv) any and all other claims granted priority status under Section 507(a) of the Code.

**Board** shall mean the Board of Trustees of the District, as duly elected or appointed under Nebraska law.

**Bonds** or **Post-Petition Bonds** shall mean all bonds issued by the District following the Effective Date and prior to the Termination Date.

**Bond Sinking Fund** shall mean funds related to the Pre-Petition Bonds and Post-Petition Bonds issued by the District held to satisfy future payment obligations thereon.  The sinking fund shall be kept in an amount determined by the District to be necessary to meet ongoing payment obligations of the Bonds, and shall not exceed one hundred fifty percent (150%) of annual debt service for such Bonds.

**Certificate** shall be the Certificate of Indebtedness issued to Pre-Petition Construction Fund Warrant Holders in exchange for a tendered Pre-Petition Construction Fund Warrant Holders and shall include and refer to any alternate name of such Certificates of Indebtedness, including Certificates, Trust Certificate, Class B Replacement Warrant, bonds or other name indicating a right to payment distinct from the Post-Petition Bonds, Post-Petition Construction Warrants and General Fund Warrants.

**Claims** shall mean (i) a claim which has been listed by the District on its schedules and (ii) any other claim as the term is defined in Section 101(5) of the Code.

**Confirmation Order** shall mean the order signed and entered by the Court confirming this Plan.

**Construction Fund** shall mean the bond fund/bond sinking fund/construction fund of the District maintained by the County Treasurer of Washington County, Nebraska, as the ex officio Treasurer of the District, the monies in which are held for the purpose of making payment upon

the Pre-petition Construction Fund Warrants and for the payment of the principal and interest on

the Bonds and Pre-petition Construction Fund Bonds of the District.

**Construction Fund Warrants** shall mean those warrants payable from the Construction

Fund of the District issued in accordance with Neb. Rev. Stat. §31-755, for capital outlay

expenditures and interest and sold to Holders of the same as investments and not in exchange for

services rendered by the Holder of the warrant or the immediate or remote transferor of the

warrant issued after the Effective Date in accordance with the terms hereof.

**Creditor** shall mean the owner or Holder of any claim.

**Disclosure Statement** shall mean the document filed in this case by the District pursuant

to Section 1125 of the Code, as may be amended, modified or supplemented by the District and

approved by this Court.

**Effective Date** shall mean the date which shall be ninety (90) days following the

Confirmation Order or other date approved by the Court.

**Exchange Deadline** shall me the date fifteen (15) days following the Effective Date

**Filing Date** shall mean the date upon which the Petition seeking voluntary relief pursuant

to provisions of Chapter 9 of the Code was filed by the District.

**Final Order** shall mean an order of judgment of a court which (i) shall not be reversed,

stayed, modified or amended and the time for which to appeal or seek review or rehearing shall

have expired or (ii) if appealed, the operative effects of such appealed order or judgment shall

not have been stayed or superseded so that the appealed order or judgment is legally enforceable.

**General Fund** shall mean the funds of the District maintained by the County Treasurer

of Washington County, Nebraska, as the ex officio Treasurer of the District, and accumulated

and held for the purpose of making payment upon General Fund Warrants.

**General Fund Warrants** shall mean those warrants payable from the General Fund of the District sold to Holders of the same as investments or in exchange for services rendered by the Holder of the warrant or the immediate or remote transferor of the warrant.

**Holder** shall mean the person legally entitled to receive payment of principal or interest on a particular security or Certificate.

**Interest Accrual Date** shall mean the first day of the month which immediately follows the month in which the Confirmation Order is entered.

**Paying Agent** shall mean First National Bank of Omaha, Banker's Trust or any duly appointed successor.

**Pre-petition Construction Fund Warrants** shall mean those warrants payable from the Construction Fund of the District issued in accordance with Neb. Rev. Stat. §31-755, for capital outlay expenditures and interest issued and registered prior to the Filing Date which are still registered and outstanding as of the Filing Date, other than the General Fund Warrants .

**Pro Rata Share** shall mean the for any warrant or Certificate fractional interest of any Warrant or Certificate Holder, the numerator of which shall be the amount owed on such Pre-petition Construction Fund Warrant and the denominator of which shall be the sum of all amounts owed on all Pre-petition Construction Fund Warrants or Certificates, as the case bay be.

**Termination Date** shall mean the earlier of 1) the date upon which the District has made payment in full on all Certificates or 2) the date fifteen (15) years from the Effective Date, whichever occurs first.  This Plan shall only govern the District's obligations during the period between the filing of the Chapter 9 Bankruptcy Petition and the Termination Date.

## II. CLASSES AND TREATMENT OF CREDITORS

1.     <u>Administrative and Priority Claim Holders</u>.  The Holders of Administrative and Priority Claims shall be paid in full.  The Administrative and Priority Claims currently consist of expenses for services rendered by and for reimbursement of out-of-pocket expenses of the District's legal counsel, Pansing Hogan Ernst & Bachman LLP of Omaha, Nebraska.  Pansing Hogan Ernst and Bachman shall be paid based upon hourly rates for partners, associates, paralegals, legal assistants and administrators, at standard rates for such particular services.

2.     <u>General Fund Warrant Holders</u>.  The owners of the General Fund Warrants shall be paid principal and accrued interest in full.  Payment of General Fund Warrants is necessary for the continuation of basic necessities of the District, including basic utilities and reasonable property maintenance expenditures.  Not later than the date sixty (60) days following the Effective Date, the owners of General Fund Warrants shall be paid in full for all principal and unpaid interest due and owing under the terms of the General Fund Warrants.  Thereafter, General Fund Warrants shall be paid in accordance with the stated terms thereof.  The Holders of General Fund Warrants shall be paid in full and are not impaired, as the term is used in the Code.

3.     <u>Pre-Petition Construction Fund Warrant Holders</u>.  The claims of the Holders of Pre-petition Construction Fund Warrants are impaired, as the term is used in the Code.  In full and complete satisfaction of the Claims of the Pre-petition Construction Fund Warrant Holders, the Pre-petition Construction Fund Warrants shall be paid in accordance with this Plan.

## III. REPAYMENT OF PRE-PETITION CONSTRUCTION FUND WARRANTS

A.  <u>Payment and Exchange</u>.  Pre-petition Construction Fund Warrants shall be paid as follows:

1. <u>Initial Cash Disbursement</u>.  Not later than the date sixty (60) days following the Effective Date, all funds held in the Construction Fund shall be allocated as set forth in Article V.  All funds not otherwise allocated shall be paid to the Pre-petition Construction Fund Warrant Holders based upon the Pro Rata Share of each.

2. <u>Certificate Issuance</u>.  Not later than the date sixty (60) days following the Effective Date, all Pre-petition Construction Fund Warrant Holders shall be issued Certificates representing the Holder's Pro Rata Share of the funds held in trust by the Paying Agent, conditional upon the delivery of such Pre-petition Construction Fund Warrant, as set forth in Article IV, below.

All Pre-petition Construction Fund Warrants shall be granted equal priority.  No preference shall be given to the Pre-Petition Construction Fund Warrants based upon date of issuance or registration.  For the purpose of determining interest accrual of the Pre-petition Construction Fund Warrants, interest on Pre-petition Construction Fund Warrants shall be deemed to continue to run at the rate stated thereon from the Petition Date to the day before the Interest Accrual Date.

B.      <u>Modification of Terms</u>.  The balance due on the Pre-petition Construction Fund Warrants and the manner of computing interest on such Pre-petition Construction Fund Warrants shall not change by operation of this Plan except as otherwise stated in this Section B.  The Plan modifies the manner and timeline for repayment of the Pre-petition Construction Fund Warrants in the following ways:

1. No priority shall be granted among the Pre-petition Construction Fund Warrants based upon the date of issuance or registration or warrant number thereof, including preference for the order or manner in which Warrants are redeemed.

2.  The time for payment of interest and principal on the Pre-petition Construction Fund

Warrants shall be paid as follows:

a.  Payments of principal and interest will not be made as required by the original

terms of the Pre-petition Construction Fund Warrants.

b.  Pre-petition Construction Fund Warrants shall accrue interest at the interest

rate stated thereon to the Filing Date, on which date such warrants shall cease

to independently accrue interest.  On the Effective Date the Certificates will

be issued dated as of the Effective Date and will accrue interest from and after

the Interest Accrual Date at the rate specified in subsection f, below.

c.  Pre-petition Construction Fund Warrants, whether or not exchanged for

Certificates, shall be terminated and shall provide no right to payment as of

the Effective Date.

d.  Certificates shall be deemed to not be in default, so long as the District is not

in default of its obligations under this Plan.

e.  Certificates shall be paid from the proceeds of general taxes, special

assessments, or the issuance of Post-petition Bonds with the District obligated

to use reasonable and diligent efforts to satisfy such Certificates.

f.  Certificates shall accrue interest on the unpaid balance of principal and

interest from time to time at the simple interest rate of two and three quarter

percent (2.75%) per annum from and after the Interest Accrual Date until fully

paid or otherwise terminated. The District's Paying Agent shall maintain

appropriate files in which interest accruals, and payments of principal and/or

interest are recorded.

3.      **Regardless of whether or not there is an outstanding balance due on any or all Certificates as of the Termination Date, and provided the District has satisfied its obligations under Article VI of the Plan, all obligations of the District regarding the unpaid balance of the Certificates shall terminate as of the termination date, at which time, the District shall have no further obligation to the Holder of any unpaid Certificates.**

## IV. CERTIFICATE ISSUANCE

This Plan requires, and the Bankruptcy Court will be requested as part of the Confirming Order to require, the Holders of Pre-petition Construction Fund Warrants to deliver to the Paying Agent any Pre-petition Construction Fund Warrants held by any creditors for exchange into certificates prior to the Exchange Deadline. No payment shall be made to the Holder of any Pre-petition Construction Fund Warrant unless said Holder has delivered to the Paying Agent the physical Pre-petition Construction Fund Warrant issued by the District or, in the event that the Pre-petition Construction Fund Warrant is lost or destroyed, an Affidavit of Lost or Destroyed Security and Indemnification thereon. The District shall, through itself or through the Paying Agent, notify the holders of all Pre-Petition Construction Fund Warrants of the address to which the original Pre-Petition Construction Fund Warrants are to be submitted to the Paying Agent. If your warrant is currently being held by D. A. Davidson, they will be presented as needed upon approval of this Plan. Such Notice shall set forth the date by which the Pre-Petition Construction Fund Warrants must be received for exchange for Certificates, which shall not be later than the Effective Date.

In exchange for Pre-petition Construction Fund Warrant, the Paying Agent shall deliver to the creditor having provided the Pre-petition Construction Fund Warrant to the Paying Agent, or to such creditor's assignee, a Certificate dated as of the Effective Date in the face amount of the Pre-petition Construction Fund Warrant delivered by the Creditor, plus any accrued and unpaid interest thereon, and stating the Pro Rata Share associated with such Certificate.  Each Certificate shall include the Termination Date.

All Certificates shall be issued not later than the Effective Date, and shall be delivered to the Certificate Holder, or Certificate Holder's agent, within thirty (30) days of issuance.   For the purpose of determining interest accrual of the Certificates, interest on all Certificates shall be deemed to accrue from the Interest Accrual Date and shall continue to accrue on the unpaid balance of principal and interest at the simple annual interest rate of two and three quarter percent (2.75%).  Interest accruals on all Pre-petition Construction Fund Warrants will cease on the day prior to the Interest Accrual Date.

The Certificates issued pursuant to this Plan shall bear clear and unequivocal language identifying that the Certificates are (i) subject to the payment terms set forth in the Plan, (ii) are not guaranteed to pay full interest or return principal face value, and (iii) are not subject to guarantee under Neb. Rev. Stat. §31-755.  The Certificates shall accrue interest on the unpaid balance of principal and interest from time to time at an annual simple rate of two and three quarter percent (2.75%) from and after the Effective Date until the Termination date, subject to the terms of this Plan.

In order to ensure that a Pre-petition Construction Fund Warrant Holder cannot continue to hold Pre-petition Construction Fund Warrants with a view towards redemption based on the terms thereof, any and all outstanding Pre-petition Construction Fund Warrants not delivered to

the Paying Agent prior to the exchange deadline established above shall be deemed cancelled and of no further force and effect.  In the event that a Pre-petition Construction Fund Warrant is presented to the District or the Paying Agent at any time following the Exchange Deadline, the District may, in its absolute discretion, choose to exchange such Pre-petition Construction Fund Warrant for a Certificate payable hereunder.

## V.  ALLOCATION OF DISTRICT FUNDS

The District shall, not later than the date sixty (60) days following the date of Effective Date, deliver all the cash and investments with accrued interest thereon on deposit in the Construction Fund as follows:

a) Administrative and Priority Claims shall be paid in full from the Construction Fund.

b) An amount shall be transferred from the Construction Fund to the General Fund for the operation of the District in an amount not to exceed the amount of existing General Fund Warrants, plus the unpaid interest on all General Fund Warrants outstanding, plus an additional amount to fund initial operations of not more than seventy five thousand dollars ($75,000).

c) All unpaid and outstanding General Fund Warrants shall be paid out of the General Fund.

d) An amount necessary to fund the Bond Sinking Fund shall be set aside in the Construction Fund.

e) The remaining funds not allocated above, if any, shall be paid to the Certificate Holders in accordance with their respective Pro Rata Share with such payments applied first to accrued interest and the balance, if any, to unpaid principal.

## VI. POST-PETITION BOND ISSUANCE

1.      The District shall have an obligation throughout the term of this Plan to periodically issue Post-petition Bonds in a manner which would be advantageous to the Certificate Holders, regardless of whether market interest rates for Post-petition bonds is higher or lower than the rates on the Certificates.  Considerations to be made by the District as part of such issuance process shall include, but need not be limited to, interest rates, prevailing tax rates, total valuation of property subject to the District's taxing authority and general market conditions.

2.      In the event the District issues Post-petition Bonds, the term of such Post-Petition Bonds shall be no longer than twenty (20) years from the date of issuance thereof.

3.      The Post-petition Bonds shall be payable from the Construction Fund, and expenses associated therewith, including establishing a reasonable sinking fund, shall be allowed expenses of the District, without regard to the budget of the District.

4.      The District shall be specifically obligated to issue Post-petition Bonds in the six (6) months prior to the Termination Date, and such Post-Petition Bonds so issued shall be the maximum amount supported by a bond levy of seventy ($0.70) cents and shall be issued for a term of not less than twenty (20) years, unless the Certificates can be fully paid out of the amounts held in the Construction Fund over and above the Bond Sinking Fund or proceeds of real estate taxes without such Bond issuance in which case such Certificates shall be fully paid from either or both such sources to the extent that the Bond Sinking Fund can be retained.

5.      The Post-petition Bonds shall be specifically issued as General Obligation Bonds, superior in priority to the claims of Certificate Holders. Bonds shall be granted the priority set forth under Neb. Rev. Stat. §31-755.

## VII. OPERATION OF THE DISTRICT

From the date upon which the Confirmation Order is entered and until the Termination Date, the operation of the District shall be governed by the terms of this Plan. This Plan may not be amended except by Court order.

A. **District Funds and Income.**

1. <u>District Funds</u>. All monetary assets of the District are held in either the General Fund or the Construction Fund. As of January 25, 2016 the total assets held in the General Fund are approximately fifty four thousand six hundred dollars ($54,608).

The General Fund exists for the purpose of holding funds used in the operation of the District and for payment of General Fund Warrants. Following confirmation of the Plan, the General Fund would hold amounts used for the operating budget of the District and payment of General Fund Warrants and to maintain the Reserve Fund established by Section B, below, with any excess funds being held for the purpose of distribution to the Certificate Holders.

The Construction Fund receives an allocated portion of the District's tax revenues. Amounts held in the Construction Fund following confirmation of this Plan will be held or distributed as provided in Article V, above.

2. <u>District Tax Rate</u>**.** The current tax rate for real estate located within the jurisdiction of the District is ninety cents ($0.90) per One Hundred Dollars ($100.00) of assessed valuation (the "Tax Levy"). The Tax Levy allocated to the Construction Fund shall not be less than seventy cents ($0.70) of the overall Tax Levy. Prior to the Termination Date, the Construction Fund Tax Levy shall not be increased without the order of the Court after hearing noticed to the Certificate Holders in which the Certificate

Holders may participate and be heard.  The proceeds of the Tax Levy shall be distributed among the General Fund and the Construction Fund in the same proportion as the tax levy allocation.

3.    <u>Tax Levy Modification.</u>        The distribution of the Tax Levy between the General Fund and the Construction Fund shall not be altered or amended prior to the termination date except to decrease the amount assigned to the General Fund.  The $0.70 Tax Levy assessed to the Construction Fund may not be decreased prior to the Termination Date without court order after hearing involving the Certificate Holders. After the Termination Date, the Tax Levy may be adjusted and altered provided always that the Tax Levy assigned to the Construction Fund shall be sufficient to meet all necessary payments on the Bonds issued by the District.

B.    **Reserve Fund.**    The District may, at its discretion, retain a cumulative total up to Ten Thousand Dollars ($10,000.00) per year from funds outside the District's operating budget as an Reserve Fund.  The Reserve Fund shall be used solely in the event of an emergency, defined for the purposes of this Plan as an event or circumstance requiring immediate corrective action or an event which occurs where further significant damage or expense is likely to occur unless corrective action is taken within a reasonable period of time.  In no event shall the Reserve Fund be permitted to accumulate more than Fifty Thousand Dollars ($50,000.00).  The District shall have the authority to use some or all of the Reserve Fund to cover present expenses of the District in its discretion.  In the event that the available Reserve Fund is not sufficient to cover the costs of an emergency, the District may petition this Court for permission to spend other funds of the District, and the Court, after hearing noticed to the

Certificate Holders in which the Certificate Holders may participate and be heard, shall determine whether such expenditure is reasonable and in the best interest of the parties.

C. **District Operating Budget.** The budget of the District in the year following the Confirmation Order shall be Thirty Thousand Dollars ($30,000). For each year thereafter, the budget shall increase five percent (5%) annually. The District shall be required to pay its ordinary operating expenses and maintenance expenses within the terms of the budget. In the event that the District shall exceed this budget in any year, such excess expenditures not otherwise funded through other means under this Plan shall be applied to reduce the budget of the following year. The Board may spend less than the maximum budget allowed, in its discretion.

D. **Bond Sinking Funds.** The District shall maintain sinking funds related to the Post-Petition Bonds issued by the District. The sinking funds shall be kept in an amount determined by the District to be necessary to meet ongoing payment obligations of the Bonds, and shall not exceed one hundred fifty percent (150%) of annual debt service for such Bonds.

E. **Payment of Unimpaired Debts.** The District shall, within ninety (90) days following the entry of the Confirmation Order, bring current any arrearages allowed to accrue before or during the pendency of this bankruptcy on any General Fund Warrants and any other payment obligation related to securities issued by the District except payments upon Pre-Petition Construction Fund Warrants. Payments on General Fund Warrants, General Fund Bonds, Certificates and any other securities issued by the District before, during and after the pendency of this bankruptcy shall be kept current and the District shall not allow such securities to go into default under their terms, except as contemplated by this Plan.

F.       **Payment to Paying Agent for the benefit of Certificate Holders.**  Following

the payment and reservation of other amounts contemplated by this Plan, the Construction Fund,

including the income attributed thereto and funds held therein, shall be held for the benefit of the

Certificate Holders. The income of the District from the Tax Levy, sewer connection fees, and

all other income, less amounts to be paid or held by this Plan, including payment on General

Fund Warrants and Bonds, the budget, Reserve Fund, and Bond Sinking Fund set asides, shall

annually be computed as the amount available for distribution to the Certificate Holders.

On or before the last day of December of each year following the year in which the Plan

is confirmed, the District and Paying Agent shall meet to calculate the funds, if any, to be

delivered to the Paying Agent for such year.  In any year during which there are no funds

available for distribution to the Certificate Holders, or amounts available for distribution,

including amounts accrued from previous years, do not total at least Fifty Thousand and no/100

Dollars ($50,000.00), the District shall not be required to make a distribution to Paying Agent for

the benefit of the Certificate Holders.  In any year that there is greater than Fifty Thousand and

no/100 Dollars ($50,000.00) available for distribution to the Certificate Holders, the District

shall distribute to the Paying Agent amounts available, in the amount as determined by the

District.  The Paying Agent shall, within thirty (30) days of receipt of such funds, pay to the

Certificate Holders their respective Pro Rata Share of such amounts.  It is intended, to the

greatest degree possible under the terms of this Plan, the Certificates shall be issued, paid and

redeemed in a manner consistent with and allowing for tax exempt status under applicable

Internal Revenue Service regulations.  For accounting purposes, payments will be first applied

against outstanding principal amounts and then to unpaid interest, if any, on such Certificates.

The provisions of this subsection shall not be interpreted as a limitation on the ability of the

District to make a distribution for the benefit of the Certificate Holders; at any time that the District determines that it is advisable to do so, the District may make a distribution of available funds to the Certificate Holders, regardless of whether such a distribution is mandated by the provisions hereof.

The Paying Agent shall be paid the initial sum of not more than Two Thousand Dollars ($2,000.00) as an Administrative Expense. The Paying Agent shall be paid the sum of One Thousand Dollars ($1,000.00) for each distribution in any year in which Certificates are issued or in which distributions are made to Certificate Holders.  No such payment shall be paid to the Paying Agent for providing services related to the Certificates in any year in which no Certificates are issued and no distributions are made to Certificate Holders.  The Paying Agent may collect reasonable fees for administering or recording transfers of Certificates by, to, or among holders thereof.  Nothing in this paragraph shall be deemed to prohibit the District from compensating the Paying Agent, or any other party, for services provided in the servicing of securities issued by the District other than Certificates or for additional services provided by the Paying Agent separate and apart from the specific services contemplated herein.

Distributions shall be made to the Certificate Holders pursuant to this Plan until all amounts of principal and interest due under the Certificates are paid in full or until the Termination Date, whichever occurs first.  In the fiscal year during which the Termination Date occurs, any funds which would be available for distribution to the Certificate Holders shall be so distributed, without regard to the One Hundred Thousand and no/100 Dollars ($100,000.00) minimum distribution amount set forth above.

In no event shall distributions be made in excess of amounts necessary to pay principal and interest outstanding on the Certificates.  If, during the year in which the Termination Date

occurs, the Certificates have not been paid in full, and there are funds held in the Construction Fund over and above the Bond Sinking Fund, or the Reserve Fund of the District, or both, the District shall distribute all such funds held in both such fund(s), calculated as of the Termination Date, to the Certificate Holders.

Provided the Certificate Holders have been paid the principal and interest payments to which they are entitled under this Plan, the unpaid balance of such Certificates shall not be honored following the Termination Date, and shall not continue to be an obligation of the District past such date, whether or not the balance of the Certificates was paid in full.  No Creditor of the District or Pre-petition Construction Fund Warrant Holder shall have any right to receive payment on the Pre-petition Construction Fund Warrants except as set forth in this Plan.

**G.** **Collection of Debts Owed to the District**.  Consistent with this Plan, the District shall act to diligently collect upon the debts owed to the District during the term of this Plan. Such collection efforts shall be consistent with the obligations of the District under applicable law.  The District shall expressly be obligated to pursue collection for special assessments which are more than three (3) years delinquent in installment payments by foreclosure of such special assessments.

**H.** **Acquisition, Ownership and Sale of Certain Residential Lots.**  The District intends to acquire title to a number of residential lots within the District originally owned by LoHo, LLC, the developer of the District.  The District discloses that the principal owner of LoHo, LLC is a former Trustee of the District. The District shall make no payment for such lots, apart from payment of closing costs, title insurance, and real estate taxes thereon due to Washington County, Nebraska.  Thereafter, the District shall maintain, market and sell the lots through commercially reasonable means at its discretion.  The provisions of Neb. Rev. Stat.

Section 31-727 (g) shall, by confirmation of this Plan, be made inapplicable to the sale of such

Lots, such that the holding period limitations and requirement for public auction shall not apply.

The District shall use its reasonable discretion in the sale of the lots to obtain the greatest

outcome for the District and its Creditors, taking into consideration the sales price, the valuation

of the lots following construction, and the maintenance of the character of the development

within the District.   The proceeds of the sales of such lots, net of any and all closing costs,

including reasonable fees for title insurance, real estate brokerage commissions, and other

customary fees associated with the sale of residential real estate, shall be assets of the District

subject to distribution under this Plan to Creditors.

## VIII. IMPLEMENTATION OF THE PLAN

The implementation and consummation of this Plan shall occur as follows:

A.    **Voting Procedures and Effective Date.**    Copies of this Plan and the

accompanying Disclosure Statement shall be sent by the District to all Pre-petition Construction

Fund Warrant Holders, along with a ballot included for the purpose of voting in favor of or

against the Plan.  Only by completing, signing and returning the ballot may a creditor vote for or

against this Plan.

In order for this Plan to become effective, the following conditions must be met:

(a)    The Plan must have been accepted by the Holders of at least two-third

(66.7%) in amount and more than one-half (50%) in number of the Pre-petition

Construction Fund Warrant Holders.

(b)    The Court shall have confirmed the Plan as required by the terms of this

Plan and by Section 1129 and Section 943 of the Bankruptcy Code.

B.    **Other Documents.**    All parties, by agreeing to the terms of this Plan, agree to execute and deliver, as appropriate, all documents reasonably required to implement and effectuate the terms of this Plan.

## IX. RETENTION OF JURISDICTION, ENFORCEMENT,
## SETTLEMENT OR ADJUSTMENT TO CLAIMS

The Court shall retain exclusive jurisdiction of all matters arising under, or related to, this case, until this case is closed, specifically limited, however to the following:

A.    To classify, allow or disallow Claims, direct distributions under the Plan and adjudicate all controversies concerning classifications, objections to or allowances of any Claim.

B.    To enforce post confirmation performance of the Plan against any person with regard to the District's Chapter 9 estate, but not otherwise.

C.    To herein determine all Claims arising from the rejection of executory contracts and leases, if any, which are included in the District's Chapter 9 estate and to consummate rejection and termination thereof in connection with the Debtor's Chapter 9 estate, but not otherwise.

D.    To liquidate damages or estimate Claims in connection with any disputed, contingent, or unliquidated claims.

E.    To adjudicate the validity of or the authority of the District to make or undertake any purchase, sale or contract made or undertaken by the District during the pendency of the District's Chapter 9 case.

F.    To recover all assets and property belonging to the District's Chapter 9 estate wherever located.

G.      To hear and determine all actions and proceedings which relate to pre-confirmation matters brought by the Debtor arising in or relating to this case or arising under the Bankruptcy Code, whether such action or proceeding is brought before or after the Filing Date.

H.      To hear and determine all controversies, suits, and disputes that may arise as to pre-confirmation matters and the interpretation of or enforcement of the Plan or the provisions of the Disclosure Statement.

I.      To hear and determine all requests for compensation and/or reimbursement of expenses by professionals retained by the District which may be made after the Confirmation Date.

J.      To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary or desirable for the successful implementation of the Plan as provided in Section 945 of the Code.

## X. MODIFICATIONS TO PLAN

This Plan may be modified, amended or corrected under Section 942 of the Code upon application of the District at any time prior to the entry of the Confirmation Order without notice and hearing and without additional disclosure pursuant to Section 1125 of the Bankruptcy Code, provided, however, that the Court find that such modification or correction does not materially and adversely affect any Creditor or the Claim of any creditor.  The Plan may be modified after confirmation upon order of the Court after such notice and opportunity for hearing as may be appropriate.

## XI. BINDING EFFECT AND DISCHARGE

Confirmation of this Plan shall bind all persons and entities as provided by Section 305 of the Code and the obligations of the Debtor shall be only those as described and included in this Plan.  All other obligations of the District, including but not limited to those of Pre-petition Construction Fund Warrant Holders, shall be discharged.

Confirmation of the Plan will not discharge any claims which any creditor or interest Holder of the District may have against any third party.

The Court, in the Confirmation Order, and at its discretion, will, by its specific language, forever prohibit persons from taking any action in any way which may be inconsistent with this Plan or in violation of the terms or legal effect of the Confirmation Order.

Dated this 25th day of January, 2018.


        **SANITARY AND IMPROVEMENT DISTRICT #10 OF WASHINGTON COUNTY, NEBRASKA**, Debtor


        By: /s/ Mark J. LaPuzza
           Mark J. LaPuzza, #22677
           Pansing Hogan Ernst & Bachman, LLP
           10250 Regency Circle, Suite 300
           Omaha, Nebraska 68114
           (402) 397-5500
           mjlbr@pheblaw.com